11  151
81  699

### JOHNSON v. McGREW *et al.*

1. TRANSFER OF PROPERTY. A transfer by an insolvent debtor of all his property in actual payment of a pre-existing debt, though he have other creditors known to the transferee, is not fraudulent *per se*, and when unaccompanied by actual fraud is valid against other creditors.

2. SAME AT COMMON LAW. At common law a debtor may prefer any one of his creditors by conveying his property in payment of his debt, or by conveying in trust so much thereof as will be sufficient for that purpose.

5. SAME. Where a debtor sells all his property to a creditor for a fixed and named consideration, which such creditor pays in part by discharging the indebtedness which he holds; in part by undertaking to pay other debts of the grantor, and paying them; and the balance in money, the transfer does not constitute a general assignment, and in the absence of actual fraud, it is valid.

4. ONUS PROBANDI. Where a sale is attacked on the ground that it was made without consideration and for the purpose of defrauding creditors, and the allegations of the bill were positively denied by the answer, it was held that the burden of proof was upon the complainant, and that when the cause was heard upon bill and answer alone the court did not err in dismissing the bill.

*Appeal from Keokuk District Court.*

SATURDAY, OCTOBER 6.

BILL to set aside a conveyance made by William McGrew to his son, James McGrew, of certain real estate situated in Keokuk County. The complainant alleges that said real estate embraced all of the property of said William, non-exempt from execution, that the conveyance thereof was made without consideration and for the purpose of hindering and delaying the complainant in the collection of a certain indebtedness of the said William to him, upon which an action was then pending in the District Court of Keokuk County. The other facts material to an understanding of the case are stated in the opinion of the court.

*Woodin & Casey* for the appellant.

*Keath & Loughridge* for the appellees.

WRIGHT, J.—Without referring to the facts of this case in detail, it may be disposed of by the statement of a few general propositions.

I. A transfer by an insolvent debtor of all his property in actual payment or discharge of a pre-existing debt, though he have other creditors known to the transferee, is not fraudulent *per se*, nor is such transfer prohibited by our laws. Unaccompanied by actual fraud, such a conveyance or transfer is valid against other creditors. *Cowles* v. *Ricketts*, 1 Iowa 582.

II. At common law, a debtor may prefer any one of his creditors by payment of his debt, or by conveying in trust so much thereof as will be sufficient for that purpose. 1 Iowa 582; 5 Mass. 144; 5 Ib. 42; 6 Ib. 339; 16 Ib. 275; *Petrikin* v. *Davis*, Morris 296; *Burrows* v. *Lehndorff*, 8 Iowa 96; *Bebb* v. *Preston*, 1 Ib. 460; 7 Pet. 609; 17 Ves. 311; 5 Johns. 335.

III. While a general assignment to one creditor is of no

validity unless made for all the creditors in proportion to the amount of their several claims, 1 Iowa, and 8 Ib. *supra*, and 4 G. Greene 287, yet this rule has no place in the absence of actual fraud, where the debtor sells to his creditor absolutely for a fixed and named consideration, which such creditor pays in part by discharging the indebtedness which he holds, in part by undertaking to pay other debts of the grantor, and paying the same, and the balance in money.

IV. And therefore, where, as in this case, the creditor filed his bill alleging that the transfer by the debtor to one of the respondents was fraudulent and void; and where said respondent answers denying the fraud, and averring that he bought the property for the sum of $1000, and paid therefor $250 in money, discharged a debt of $300 which the grantor owed him, and for the balance was to pay that amount on the debts of said grantor, which debts he had paid; which answer was under oath, and the cause was heard on bill and answer; *Held*, that this was not a general assignment within the meaning of the law, that it was a sale absolute, and there being no fraud established, the title, equitable as well as legal, passed to the grantee.

V. That where a sale by a debtor is attacked by a creditor, upon the ground that it was made without consideration, and for the purpose of defrauding creditors, which allegations are positively denied by the answer, and especially that portion of the bill which alleges that the conveyance was voluntary, and where the cause was heard on bill and answer; *Held*, that the burden of proof was on the complainant, and the answer not being overcome by the requisite amount of proof, the court did not err in dismissing the bill.

Decree affirmed.