# WILSON v. HOLCOMB.

1. CONVEYANCE: NOTICE. Third persons are bound by notice of a conveyance to the same extent they would be by the recording of a deed in all respects regular and perfect.

2. PLEADINGS: EVIDENCE. A sworn answer in chancery, when not demanded under oath, puts in issue only the allegations of the bill; following *Sheppard* v. *Ford*, 10 Iowa, 502.

*Appeal from Dubuque District Court.*

FRIDAY, APRIL 11.

FOR a statement of the facts, see the opinion of the court.

*Burt, Angell & Lyon* for the appellant, relied upon *Brace* v. *Reid*, 3 G. Greene, 422; *Le Neve* v. *Le Neve*, 2 Eq. L. C., pt. 1, 98; *Jackson* v. *Given et al.*, 8 John., 140; *Jackson* v. *Van Valkenburg*, 8 Cow., 260; *Bumpus* v. *Platner*, 1 John. Ch., 219; *Griffith* v. *Griffith*, 9 Paige, 315, 318; *Wheaton* v. *Dyer*, 15 Conn., 309.

*Wilson, Utley & Doud* for the appellants, relied upon *Williamson* v. *Brown*, 15 N. Y., 354; *Nailor* v. *Fisk*, 5 Cush., 256; *Aiken* v. *Sneed*, 1 Tenn. R., 304; *Dunham* v. *Day*, 15 John., 567; *Rogers* v. *Jones*, 8 N. H., 268.

BALDWIN, C. J. — Wilson, the complainant, for a valuable consideration, purchased of and received a deed from one Cumber, for about twenty acres of land situated within the county of Dubuque. This deed bears date January 19th, 1858, but by inadvertence was not filed for record for one year after its delivery. The twenty acres thus sold were but a portion of a large tract of land owned by said Cumber. Before the deed to complainant was filed for record, Cumber sold certain lands adjacent to that sold to complainant to one Patterson, and by mistake, as it is alleged, included in the deed to Patterson the land sold to complainant. Patterson subsequently sold all of the lands

conveyed to him by Cumber, to respondent Holcomb. It is alleged in the bill that Patterson bought the lands of Cumber, with a full knowledge of the rights and equities of the complainant. It is also charged in the bill that the respondent, when he purchased of Patterson, was fully advised of the deed from Cumber to complainant, and that he bought the same with the understanding that the land was included in the deed from Cumber to complainant by mistake, and that respondent was not a purchaser of said premises in good faith, and for a valuable consideration, without any notice of complainant's title.

Patterson admits in his testimony, that he was fully advised of the complainant's title, and we think the testimony conclusively shows that the respondent was at the date of his purchase also advised of the deed from Cumber to complainant.

The effect of notice to a purchaser of an outstanding title, has been so thoroughly canvassed, that there can be no doubt at this time as to the correct rule of law on the subject. In the case of *Dunsmore* v. *Bennett*, 5 Iowa, 95, the court in their opinion say, " As to ordinary conveyances, if third persons have actual notice of them, they are bound by such notice to the same extent as they would have been by the recording of a deed in all respects regular and perfect in its acknowledgments." So in the case of *Williamson* v. *Brown*, 15 N. Y. R., 354, " It is said that a purchaser who has knowledge of any fact sufficient to put him on inquiry as to the existence of some right or title in conflict with that he is about to purchase, and has neither inquired nor ascertained the extent of such title, has been guilty of a degree of negligence that is fatal to his claim to be considered a *bona fide* purchaser."

So when a purchaser of land has notice of an outstanding equity, he cannot acquire a title discharged of that equity. *Nailor* v. *Fisk*, 5 Cush., 256. Assuming, then, the rule to

be that where such purchaser has actual notice of the title of a third party, he is affected the same as though such title had been duly recorded, the remaining question to be determined is, whether from the evidence, the court correctly found that the respondent in this case had such notice of the complainant's equities.

The point relied upon by the counsel for appellant, is, that Patterson had no notice of the complainant's title until after he had received the deed and paid the purchase money, and that, if this be true, it matters not whether the respondent had actual notice or otherwise, if his vendor *had no actual* notice when he purchased. We conclude from the evidence that the contract was not fully consummated between the complainant and Patterson before actual notice, or such notice as should lead to inquiry, was given to the purchaser. Patterson objected to the deed as not containing the quantity of land purchased, and when this objection was made, he was told that a portion of the land had been sold to Wilson. After this he made no further objections, and placed his deed on record, and afterwards recognized the complainant's right to said land.

The answer of respondent denies all the allegations of the bill under oath, and avers specially that he had no notice of the complainant's title from Cumber. The respondent's counsel, in their argument, mistake the effect of a sworn answer in a chancery proceeding, when they say that it is to be considered as of equal weight as that of two disinterested witnesses. The answer in this case, was not required by the complainant to be under oath, and under the ruling of this court, in the case of *Shepherd* v. *Ford,* 10 Iowa, 502, it only put in issue the allegations of complainant's bill.

The evidence supports the bill, and the decree of the District Court is

Affirmed.