## GRAVES & CO. V. ALDEN *et al.*

1. VERIFIED ANSWER IN CHANCERY. A sworn answer in chancery denying the allegations of the petition, places the *onus* of supporting such allegations upon the complainant; but the old rule requiring the evidence of two witnesses, or of one witness and strong corroborating circumstances to sustain allegations on which issue is thus joined does not obtain under the system of procedure in this State.

2. ASSIGNMENT FOR BENEFIT OF CREDITORS. To render a transfer of property void on the ground that it is a general assignment in which creditors are preferred, it must appear that the transfer was made with an intent to give a preference to creditors, and in view of insolvency.

3. SAME: EVIDENCE. The sufficiency of evidence to show a general assignment invalid as preferring creditors considered and determined.

*Appeal from Dubuque City Court.*

MONDAY, OCTOBER 13.

FOR the facts see the opinion.

*Mills & Son* for appellants.

*E. McCeney* for appellees.

LOWE, J.—A chancery proceeding in which a decree was rendered for plaintiffs, and defendants appealed.

In April, 1860, N. L. Alden and one Isaac Blanchard formed a limited partnership in the boot and shoe business in the city of Dubuque, under the name of N. L. Alden, the general and business partner. Afterwards, stock to the amount of four or five thousand dollars, was purchased of Isaac Alden, of Stoughton, Mass., for which notes were given by N. L. Alden. This amount was reduced by payments to $3,051.92, when the notes were assigned to Bradford Blanchard. In September, 1861, the said Blanchard went to Dubuque, to collect the amount due on said notes. Finding the firm unable to pay, he spoke of attaching their stock of goods, but was persuaded to accept the

goods at private sale for his claim, at invoice prices. On taking an account of the goods on hand, the invoice amounted to $3,425.90, being $377.98 more than the said Blanchard's claim. This excess was paid to the firm in cash, and their notes delivered up. Blanchard placed the goods in the possession of the said N. L. Alden, to act as his agent in the sale of the same.

After this, in January, 1862, the plaintiff in this suit obtained a judgment at law against said firm for $157.00. An execution being returned *nulla bona* on said judgment, the plaintiffs commenced this suit in chancery to set aside the sale of goods from the firm aforesaid to the said Blanchard, and to subject the same to the payment of their judgment, upon the alleged ground that the firm was insolvent or contemplated insolvency, and had made this sale of their stock of goods with intent of giving a preference to the said Blanchard over other creditors of such partnership. There is no question, if this charge is true in fact, but that the sale aforesaid, under section 1893 of the Revision of 1860, is vitiated, and should be set aside. The only point of controversy, therefore, is, whether in the condition of the pleadings and the evidence submitted, we are authorized to say that the above allegation is true.

The petition is verified and calls for sworn answers, which were made, denying most pointedly that the sale to Blanchard was made to give a preference to him over the plaintiffs or other creditors, but that it was made in good faith to pay a firm debt, and not a debt existing against N. L. Alden, as an individual. The defendant, Alden, denies that he was totally insolvent, or that the firm contemplated insolvency. The defendant Blanchard denies all knowledge of such insolvency, or contemplation of insolvency, and claims to have acted in entire good faith, and allowed a full equivalent for said goods.

Graves & Co. v. Alden.

Under our changed or new system of procedure, the rule which requires two witnesses or one witness and strong corroborating circumstances to overcome a verified answer in chancery, is not recognized and does not now obtain, and although such proof is not required to be greater on the side of the adverse party in consequence of the verifications of the answers, still the denials which they contain do throw upon the plaintiffs the *onus* of sustaining by competent proof the material charges which constitute the basis of his prayer for relief. In this we think he has failed. The only evidence offered is the deposition of the defendant, N. L. Alden.

He may be considered as having proved his own insolvency, and perhaps that of the firm, especially when taken in connection with the return on the execution,—" no property found." But aside from this, he testifies to no fact or circumstance even tending to show that the sale of these goods to Blanchard was made with the intent of giving a preference to him over the other creditors of the partnership. It is no less important to prove this allegation than that of insolvency. The two things must concur in order to contravene the policy of the statute on this subject, and obtain the relief sought.

So far as the evidence shows, there were no creditors, except the plaintiffs in this case, and the defendant, Blanchard. The goods sold for more than enough to liquidate both claims. There was, therefore, the absence of all motive to do what the plaintiffs charge in their bill they did do. At all events, to prove simply a sale and insolvency, without more, will not entitle the plaintiffs to the relief asked. There must be some evidence to indicate to the mind of the court that the parties intended to interfere with the rights of other creditors.

We think that, in hearing the cause upon the pleadings and evidence submitted, the plaintiff's bill should have

been dismissed, at their costs. Such an order will now be made in this court.

Reversed.