## WRIGHT & WHITE v. WHEELER et al.

1. FRAUDULENT SALE. Where a sale by a debtor is attacked by a creditor, upon the ground that it was made without consideration and for the purpose of defrauding creditors, and the allegations of the petition are specifically denied in the answer, the burden of proof is upon the complainant; and if the allegations of the bill are not sustained by adequate evidence, it should be dismissed.

*Appeal from Washington District Court.*

WEDNESDAY, OCTOBER 15.

BILL in equity, to set aside certain conveyances made, as it is alleged, to hinder and delay complainants, as the creditors of Thomas Wheeler. The cause was heard on bill, the several sworn answers of all the respondents, a general replication, and exhibits — the equities found in favor of respondents, and complainants appeal.

*Clark & Brother* and *Clarke & Davis* for the appellants.

1. A voluntary conveyance of property by a father to his children, the donor being at the time largely indebted, is *prima facie* fraudulent, as to existing creditors. *Vertner*

v. *Humphreys*, 14 S. & M., 130; *Hawkins* v. *Moffitt*, 10 B. Monr., 81; *Trimble* v. *Ratcliff*, 9 Id., 511; *Mohawk Bank* v. *Atwater*, 2 Paige, 54; *Jones* v. *Sluby*, 5 Harr. & J., 372; *Hoye* v. *Penn*, 1 Bland, 28; *Chamberlayne* v. *Temple*, 2 Rand., 384; *Beers* v. *Bolsford*, 13 Conn., 146; *Pell* v. *Tredwell*, 5 Wend., 661; *Coleman* v. *Cocke*, 6 Rand., 618; *Illy* v. *Niswanger*, 1 McCord Ch., 518; *Dick* v. *Giesom*, 1 Freem. Ch., 428.

2. It is not necessary that the creditor should show the grantor to have been insolvent at the time of its execution. It is sufficient that he is considerably indebted to the creditor, and that no property appears sufficient to satisfy such debt, other than that contained in the conveyance, *Jones* v. *Sluby*, 5 Harr. & J., 372; *Parkman* v. *Welsh*, 19 Pick., 231.

3. The existence of sufficient means to pay creditors must be shown by the parties claiming under the conveyance; and the burden of proof is clearly upon them, to repel the fraud presumable from the condition of the grantor, at the time the conveyance was made. *Atkinson* v. *Phillips*, 1 Md. Ch. Dec., 507; 5 Gill & J., 432.

4. Where there is a conveyance of real estate, and the grantor remains in possession of the whole or any part of the land conveyed, such possession is *prima facie* evidence of fraud against creditors, unless the possession is satisfactorily explained. *Caldwell* v. *Williams*, 1 Carter, 405; *Belk* v. *Massey*, 11 Rich. Law (S. C.), 614; *Perkins* v. *Patten*, 10 Georgia, 242; *Smith* v. *Lovell*, 6 New Hamp., 67; *Goldsbury* v. *May*, 1 Littell, 255; *Noble* v. *Coleman*, 16 Ala., 77; *Lee* v. *Hunter*, 1 Paige, 519; *Peck* v. *Laud*, 2 Kelly, 1; *Bank of Orange County* v. *Fink*, 7 Paige, 87; *Hancock* v. *Horan*, 15 Texas, 507.

5. Great inadequacy of price, is strong evidence of fraud when coupled with other circumstances of a suspicious character. *Bozman* v. *Draughan*, 3 Stewart, 243; *Lee* v. *Hunter*, 1 Paige, 519; *Bryant* v. *Kelton*, 1 Texas, 415; *Hamet* v.

*Dundass*, 4 Barr, 178; *Borland* v. *Mayo*, 8 Ala.; 104; *Bebee* v. *De Baum*, 3 English, 510; *Seymour* v. *Wilson*, 19 New York (5 Smith), 417; *Church* v. *Smith*, 15 Texas, 219; *Carrow* v. *Daily*, 5 Florida, 9. In *Jessup* ·v. *Johnson*, 3 Jones' Law (N. C.), 335, where a father, who was largely indebted, conveyed to his son real and personal property of the value of $6,000, in consideration that the latter undertook to pay debts of the father amounting to $4,000, it was held that the conveyance raised the presumption of fraud; and that if there was no evidence to rebut such presumption, it was the duty of the court to inform the jury, that the conveyance was fraudulent as against creditors.

. 6. A party setting up a voluntary conveyance, executed under suspicious circumstances, is bound to show affirmatively, that the transaction was fair and honest. *Sears* v. *Shafer*, 1 Barb., 408; *Widgery* v. *Haskell*, 5 Mass., 144; *Russell* v. *Woodward*, 10 Pick., 408; *McCaskle* v. *Amarine*, 12 Ala., 17; *Rollins* v. *Moers*, 25 Maine (12 Shep.), 192; *Slack* v. *Culdwell*, 4 Jones Law (N. C.), 150; *Young* v. *White*, 25 Miss., 146.

7. A conveyance to be valid against creditors, must not only be founded on a valuable consideration, but must also be *bona fide*. *Casey* v. *Daniel*, 1 Smith (Ia.), 252; *Glenn* v. *McNeal*, 3 Md. Ch. Dec., 349.

8. Where a vendee claims to have taken land, in payment of an antecedent debt of the vendor, he must prove, as against existing creditors of the vendor, the existence of the debt. *McCaskle* v. *Amarine*, 12 Ala., 17; *Clark* v. *Depew*, 25 Penn. State (1 Casey, 509).

9. But in *Glenn* v. *McNeal*, 3 Md. Ch. Dec., 349, it was held, that where a deed purporting to have been made on a moneyed consideration is attacked as being fraudulent as against creditors of the grantor, it cannot be propped up by proof of an antecedent indebtedness to the grantee, such consideration being inconsistent with that expressed on the

face of the deed. See, also, *Bullett* v. *Worthington*, 3 Md. Ch. Dec., 99, and *Glenn* v. *Randall*, 2 Id., 220.

*J. F. McJunkin* for the appellee.

1. When a cause is submitted to the Chancellor on bill and answer, and the answer denies the material allegations in the bill, the bill must be dismissed, unless supported by evidence. Story's Eq. Jur., § 1528, and authorities referred to in notes; 3 Greenl. Ev., § 289.

2. The answer to a bill in chancery, so far as the same is responsive to the allegations in the bill, is evidence in favor of respondents, and is conclusively so, unless overcome by evidence, and will be regarded as evidence sufficient to establish the facts which it contains. 3 Greenl. Ev., § 384, and authorities referred to in notes; *The State, ex rel. The Attorney General,* v. *Tilghman et al.,* 6 Iowa, 496; *Davis* v. *Stevens,* 3 Id., 158; *Waldron* v. *Zollikoffer,* 5 Id., 108; *Pierce* v. *Wilson et al.,* 2 Id., 20; *Cheuvete* v. *Mason,* 4 G. Greene, 231; *Clark* v. *Langworthy,* 3 Iowa, 563; 2 Sto. Eq. Jur., § 1528, and authorities referred to in notes.

3. A party purchasing real estate in good faith will be protected in his bargain, whether he has purchased from a fraudulent grantor or grantee.

4. The mere fact of inadequacy of price will not render a conveyance void; and unless there is evidence to the contrary, it will be presumed that the price paid by the grantee was adequate.

WRIGHT, J. — Appellants insist that the following propositions are well established, and exactly applicable to the case at bar:

1. A voluntary conveyance of property by a father to his children, the donor being at the time largely indebted, is *prima facie* fraudulent, as to existing creditors.

2. It is not necessary to show that the grantor was insolvent at the time. It is sufficient that he is considerably indebted to the creditor, and that no other property appears sufficient to satisfy said debt, other than that contained in the conveyance.

3. When the grantor remains in possession of the whole or any part of the land conveyed, such possession is *prima facie* evidence of fraud, against creditors, unless the possession is satisfactorily explained.

4. Great inadequacy of price is strong evidence of fraud, when coupled with other circumstances of a suspicious character.

5. A party setting up a voluntary conveyance, executed under suspicious circumstances, is bound to show that the transaction was fair and honest.

6. A conveyance, to be valid, must not only be founded on a valuable consideration, but must also be *bona fide*.

7. Where a vendee claims to have taken land in payment of an antecedent debt of the vendor, he must prove, as against existing creditors of the vendor, the existence of the debt.

8. That if the respondent, in his answer, admits facts which render the transaction legally or constructively fraudulent, a general denial of fraud is unavailing.

Granting that these propositions are well established, the argument would not be advanced unless they are applicable to the facts developed in this case. And it seems to us that appellants commit the cardinal error of assuming as true the very issue made by respondents, and the one essential to the applicability of most of the principles stated, to wit: that the conveyances from Thomas Wheeler to Johns, from Johns to E. E. Wheeler, the mortgage from Johns to Thomas Wheeler, and the assignment by the mortgagee to E. E. Wheeler, were voluntary. The bill charges fraud, and that these conveyances were voluntary. Answers are

called for to all the matters stated in the bill, and then specific responses are required to certain interrogatories. All of the respondents answer, under oath, denying most explicitly all fraud, alleging that the several transactions were *bona fide*, founded upon a valuable consideration, and that there was no intention to defraud creditors. Among other things, complainants require a full response to this interrogatory : "What consideration did Euphronious E. Wheeler pay Thomas Wheeler for the assignment of all the interest of said Thomas in the mortgage from Johns to him, and how was it paid ?" To this it is responded that the father was indebted to the son in the sum of $1,200 to $1,500, (in the settlement of a partnership), and that the assignment was made to pay this debt. To sustain the bill or rebut the matters responsive thereto, contained in the answer, there is no testimony whatever. And this remark applies to every material allegation. Thus, when it is claimed that the possession of the vendor after the sale is inconsistent with the presumption of an honest purpose, the answer is that such possession was not continuous in the vendor. So, when it is charged that the vendor was insolvent, this is denied most emphatically, and there are no facts stated showing that the father was considerably indebted. Aside from the debt to the son, he was owing about $700, and while thus indebted, purchased, in his own name, real estate estimated in the deed as worth over $4,400. This he sold, and took a mortgage to secure the purchase money. A portion of this mortgage he assigned to secure certain debts admitted to be genuine, and the balance was transferred in payment of the debt to his son. And as to the inadequacy of price paid by the son, there is nothing whatever to show what the land was worth, at the time of the transfer to him, nor as to the responsibility of the mortgagee, Johns. And in this connection, it may be remarked that it is not claimed, either in the bill or argu-

ment, that the son Wheeler shall be treated as trustee, or mortgagee, holding the premises in security for complainants' debt, after the payment of his own.

It has been held that where a sale by a debtor is attacked by a creditor, upon the ground that it was made without consideration, and for the purpose of defrauding creditors, which allegations are positively denied by the answer, and especially that portion of the bill which alleges that the conveyance was voluntary, the burden of proof is on complainant, and unless the answer is overcome by the requisite proof, the bill should be dismissed. (*Johnson* v. *McGrew et al.*, 11 Iowa, 151.) And, indeed, it may be remarked that the facts in the case at bar, and that just cited are very similar, and following the rules there recognized we have no difficulty in saying that this decree should be affirmed. (And see *Fifield* v. *Gaston*, 12 Iowa, 218; Hill on Trustees, 94, *et seq.*)

Affirmed.