## MITCHELL & SONS v. SAWYER AND WIFE.

1. Husband and wife: SEPARATE PROPERTY: PROFITS. Where a wife has separate property she may use it in trading for real or personal property, without subjecting the profits to seizure for the payment of the husband's debts.

*Appeal from Linn District Court.*

FRIDAY, DECEMBER 28.

PLAINTIFFS recovered a judgment against the defendant D. C. Sawyer, for near $1,100, and execution thereon being returned *nulla bona,* they commenced this proceeding to reach certain real estate held in the name of the wife Miriam, alleging that it was paid for by the husband, and the title taken in the name of the wife to hinder and delay plaintiffs and other creditors.

Defendants admit the judgment, execution and return, the husband's insolvency, that the real estate described is in the name of the wife, but deny all fraud, insisting that it was bought by her with her own means, that it was, and still is held by her *bona fide,* and with no intention to defraud creditors.

The cause was referred, the referee recommended that the bill be dismissed; this was confirmed in the District Court, and plaintiffs appeal.

*Thomas Corbitt* and *Brown & Sully* for the appellants.

*Smyth & Young* for the appellees.

WRIGHT, J.—Assuming the facts to be as claimed by defendants, the only point having the semblance of a legal question in this case is this: If the wife has separate property — money, for instance, received from her father's estate—invests it

1. HUSBAND AND WIFE: separate property: profits.

in real estate, makes a profit thereby, and still again invests, is the husband entitled to this profit, to the real estate thus purchased, and can his creditors make it subject to the payment of his debts? And this is hardly a question, nor do counsel much, if any, more than suggest it. *Arguendo*, it is insisted, the earnings of the wife belong to the husband; and by earnings the law means those acquired by successful speculations in real estate, as well as the small amounts made by the wife by her manual labor. And we are referred to *Duncan* v. *Roselle*, 15 Iowa, 501; *Jones* v. *Crosthwaite*, 17 Id., 399. The doctrine of these cases is not denied. On the contrary, they have been since followed and approved. *Laing* v. *Cunningham*, 17 Id., 510; *Ticonic Bank* v. *Harvey*, 16 Id., 141.

But the principles there enunciated are no authority for the proposition for which appellants now contend. These earnings are in no sense the separate property of the wife. And it is because they belong to the husband that the real estate purchased therewith has been held liable to his debts. Where, however, she has separate property, she may use it in trading for real or personal property, like any other person, without subjecting the profits to seizure for the payment of the debts of the husband. That this is so, see the following cases: *Logan* v. *Hall*, 19 Iowa, 491; *Peck* v. *Hendershott*, 14 Id., 40; *Suiter* v. *Turner*, 10 Id., 517; *Wright* v. *Wright*, 16 Id., 496; *Jones* v. *Jones*, 19 Id., 236.

This leaves the single question of fact, whether the property is held by the wife in fraud of the rights of the husband's creditors. That this inquiry, under all the circumstances, is involved in much doubt, we most readily admit. We concede that there are circumstances which tend to show that this property does in fact belong to the husband, and that the claim of the wife is made in

bad faith, she holding the title the better to enable the husband to defraud his creditors. And yet, notwithstanding these doubts and suspicious circumstances, we do not see our way clear to reverse the decree below.

The body of the case, on its facts, is found in the answers of the defendant to numerous specific interrogatories propounded in plaintiffs' bill. The main answer is in express and explicit denial of every material fact charged in the bill touching the present inquiry. Nor is there any thing in the special answers in conflict with this denial, except as they may tend to justify conclusions in conflict with what defendants state. In opposition to these statements there is no testimony. Indeed, there is nothing else of the case, beyond certain exhibits, the most of which are admitted or referred to by defendants. Thus, they both state that the wife received so much money from her father's estate, and from her mother. There is nothing to disprove this. They concur in saying that she bought all this property and paid for it with her own means. True, she does not disclose where she got all the money, and yet she does account for a good part of it. That she did not buy or pay for it, plaintiffs do not attempt to establish, except upon the ground that her statement is improbable and inconsistent with the usual manner of transacting business. They both say that the husband had no means, and that he continues unable to buy any thing. That this is untrue is a matter of inference, and yet it is not contradicted by any witness. The defendants seem to answer candidly and without reserve. We should judge them to be intelligent, and there is nothing directly impeaching their integrity or truthfulness.

Now, under these circumstances, what is our duty? The facts upon which plaintiffs' argument is based, are not inconsistent with honesty of intention on the part of

these defendants. This being true, fraud ought not to be imputed. *Stiles* v. *Lightfoot*, 26 Ala., 443. Then, again, the allegations of the bill being denied generally and specifically, the burden of proof is on the plaintiffs; and unless the testimony overcomes these denials the bill was properly dismissed. *Wright* v. *Wheeler*, 14 Iowa, 8; *Johnson* v. *McGrew*, 11 Id., 151; *Waldren* v. *Zollicoffer*, 3 Id., 108; 2 Lead. Cas. in Eq., 124; *Graves* v. *Alden*, 13 Iowa, 573; *Fifield* v. *Gaston*, 12 Id., 218.

We cannot believe that the testimony, giving to the facts developed all the weight which applicants can reasonably claim for them, does overcome these denials. While these facts may lead to strong inference of fraud, they may, nevertheless, be consistent with honesty and good faith. This being true, a court of equity cannot say that fraud is so established as to let in the complaining creditor.

Affirmed.