## SMITH v. PHELPS.

1. Statute of frauds: SALE OF LANDS. An oral contract for the purchase of land may, under our statute, be established by the testimony of the party against whom it is sought to be enforced.

2. Pleading: EFFECT OF ANSWER IN CHANCERY. The old rule that, to overcome the effect of an answer in chancery, two witnesses, or one witness and corroborating circumstances were necessary, has no existence under our practice.

*Appeal from Iowa District Court.*

THURSDAY, DECEMBER 7.

ACTION in chancery. The cause was sent to a referee, and, upon his report, on the issues of law and fact, a decree for plaintiff was rendered. The facts of the case sufficiently appear in the opinion. Defendant appeals.

*Henry O'Connor* and *John Miller* for the appellant.

*C. Hedges, Edmonds & Ransom* for the appellee.

BECK, J. — The petition alleges that plaintiff and defendant entered into a verbal agreement for the purchase, from another, of certain lands, each of the parties to pay equal portions of the purchase-money, and the conveyance of the property to be made by the party of whom they were about to make the purchase to defendant, he to convey the undivided one-half of the lands to plaintiff. In pursuance of this agreement defendant obtained a deed for the land, and executed to plaintiff, and actually delivered to him, a deed for his portion, but plaintiff afterward permitted defendant to take and retain possession of the last-named instrument, which he refuses to return to plaintiff. Plaintiff has tendered to defendant the amount of money he was to pay under the agreement between the parties, but defendant refuses to deliver the deed executed by him, and to perform his agreement as above stated. The special relief asked is, that defendant be required to deliver the said deed. General relief is also prayed. Defendant, in his answer, denies the allegations of the petition. The decree requires defendant to deliver the deed within a time fixed, and, in default thereof, directs that the land be conveyed, by a commissioner named in the decree, to plaintiff, and declares the title to be vested in him.

I. The case turns mainly upon the facts. We think it is sufficiently established that the defendant did, after he acquired the title to the land, execute and deliver to plaintiff a deed therefor, and afterward obtained possession of the instrument, with the assent of plaintiff, to hold it until certain differences between them, as to the amount plaintiff was to pay upon receiving the deed, should be settled. The evidence very satisfactorily shows that soon after the delivery of the deed, plaintiff tendered to defend-

ant the full amount which defendant claimed ought to be paid by plaintiff; the plaintiff thus offering to perform the contract as interpreted by the other party. Under these circumstances, the delivery of the deed to the plaintiff, and his tender of the purchase-money, the contract must be regarded as performed and, therefore, cannot be defeated by the statute of frauds. Under this view, that the plaintiff is entitled to relief, cannot be questioned.

II. But let it be admitted that the agreement was not performed by the delivery of the deed, and that it is an unexecuted verbal contract for the sale of an interest in lands, the plaintiff is, nevertheless, under the evidence in the case, entitled to recover. The evidence of the defendant himself, who was a witness in the case, clearly establishes the contract. The tender of the money, which, under the contract, plaintiff was to pay, is conclusively shown, as well by the defendant's testimony as by other evidence. The proof of the contract by defendant takes the case out of the operation of the statute of frauds. Oral contracts of this kind may be sustained when proved by the party against whom they are sought to be enforced. Rev., § 4010, *Lyon* v. *Thompson et al.*, 16 Iowa, 62; *Auter* v. *Miller*, 18 id. 405; *Mahana* v. *Blunt*, 20 id. 142; *Anderson* v. *Simpson et al.*, 21 id. 399; *Hobbs* v. *Brayton*, 24 id. 596.

*1. STATUTE OF FRAUDS: sale of lands.*

III. Plaintiff's counsel insist that, as the answer of defendant to the petition denies all its allegations, the evidence of two witnesses, or of one witness and circumstances equivalent in weight to the testimony of another, is required to support the petition. But this chancery rule has long ceased to be regarded in this State. Rev., § 2915; *Graves & Co.* v. *Alden*, 13 Iowa, 573. An answer in chancery, in order to be taken as evidence, must be called for by the petition, and be under oath, otherwise its only effect is to put in issue the allegations of the petition. *Wilson* v.

*2. PLEADING: effect of an answer in chancery.*

*Holcomb,* 13 Iowa, 110; *Connelly* v. *Carlin et al.,* id. 383; *Morton & Co.* v. *Chase & King,* id. 597. In this case the answer was neither called for by the petition, nor verified by the oath of defendant.

IV. In another view of the case the transaction may be regarded as raising a trust, under which defendant acquired and held the land, or rather the undivided half thereof for plaintiff. In our opinion the evidence is sufficiently clear and explicit to support such a conclusion and, in that respect, conforms to the rules recognized by this court. *Cooper* v. *Skeel,* 14 Iowa, 578; *Corbet* v. *Smith,* 7 id. 60; *Kincell* v. *Feldman,* 22 id. 363.

We forbear entering upon a discussion of the evidence, as it could only be done by writing many pages which would be without profit to the parties or interest to the profession.

Affirmed.