## SHEPARD v. FORD.[1]

1. PRACTICE UNDER THE CODE. The Code of 1851 provided a uniform system of practice for both the law and equity.
2. ANSWER IN CHANCERY. An answer in chancery is not required to be under oath when a sworn answer is not properly demanded by the petition.

*Appeal from Johnson District Court.*

THURSDAY, JUNE 28.

*C. T. Ford, pro se,* cited Code of 1851, sections 1734–1744; Story Eq. Pl. sections 874 and 875; Paige Ch. R. 504; Danl. Ch. Pr. 272; 3 Gilm. 317.

*Edmonds & Ransom* for the appellee. It has been decided again and again, that the Code does not apply to chancery practice; and by that practice the plaintiff was entitled to an answer under oath. 7 John. 558; 1 Barb. Ch. Pr. 96; 4 Bouv. Inst. 477; Coopers Eq. Pl. 325; 6 Paige Ch. R. 96; *Van Valtenberg* v. *Alberry ante;* 3 G. Greene 433.

LOWE, C. J.—This was an action for the foreclosure of a mortgage. An answer was filed setting up a meritorious

---

1. WRIGHT, J., took no part in the determination of this cause, for the reason that it was argued and the opinion prepared before his appointment as a Justice of this court.

Shepard v. Ford.

defense. Upon motion, the court directed the answer to be stricken from the files because it was not verified; and thereupon entered a judgment for plaintiff by default, as for the want of answer. Afterwards the defendant made a motion to set aside the judgment by default, founded upon an affidavit of merits and so forth, which was overruled. The decision of the court upon these two motions is assigned for error in this court.

Except in certain enumerated cases, special provisions for which were made, the Code intended to assimilate and make uniform the procedure in all ordinary law and equity cases. But so radical was this change in our forms of proceeding, that the bar and our courts were disposed to receive it with disfavor, and even with distrust; especially so far as is related to chancery proceeding and jurisdiction, which they seemed to consider as abolished or swallowed up by this new system of proceeding; and to that extent they regarded the Code an infringement of the constitution as they then understood it. ˙ Hence it was necessary, in their judgment, to maintain the equity jurisdiction of our courts and with it the principles, forms of pleadings and rules of practice that had hitherto characterized its procedure and adjudications. And ˙ this will explain in some measure the rulings and decisions of the court in the following cases to-wit: ˙ *Childs* v. *Horr*, 1 Iowa 432; *Pierce* v. *Wilson et al.*, 2 Ib. 20 ; *McConnoughey* v. *Weider*, Ib. 408; *Brink* v. *Morton*, Ib. 411 ; *Waldron Adm.* v. *Zollicoffer*, 3 Ib. 108 ; *Davis* v. *Stevens*, Ib. 158; *Clark* v. *Langworthy*, Ib. 563 ; *DeFrance* v. *Howard et al.*, 4 Iowa 524 ; *Compton* v. *Comer*, Ib. 577 ; *Armstrong* v. *Pierson*, 5 Ib. 317 ; *Schaffner et al.* v. *Grutzmacher et al.*, 6 Ib. 137 ; *Ferrier* v. *Buzick et al.*, Ib. 258; *The State of Iowa ex rel. Attorney General* v. *Tilghman et al*, Ib. 496 ; *Westfall et ux.* v. *Lee et al*, 7 Ib. 12 ; *While* v. *Hampton*, 9 Ib. 181. In all these cases the court seems to have proceeded upon the idea that the Code had made no change in the rules of chancery practice; and that the defendant had a right to put in a sworn answer even if it was expressly waived, or whether it was

called for or not; and thus make it evidence which could only be overcome by two witnesses, or one witness and strong corroborating circumstances.

The particular question presented in this case, however, was not directly raised in any of the above cases, except in the case of *DeFrance* v. *Howard et al.*, 4 Iowa 524, where the court disposed of it by the following remark: "It is a question whether an answer in chancery can be sworn to with any effect, unless such verification is called for. As desirable as it is that this question should be settled, yet as it would involve a very considerable discussion, we do not feel inclined under the pressure of imperative business to stop and consider it, inasmuch as the necessity of doing so is obviated by the view which we take of the case," &c. It is to be regretted perhaps that the question whether the old equity rule as to answers in chancery, or the Code prevails, has not been more definitely settled before this. It would seem that the bar was a little in advance of the courts in apprehending the true application to be made of the rules of practice intended to be established by the Code; for it is known that in several of the districts they have gradually adopted and are practicing upon the theory that the Code has changed and modified the rules of chancery practice in many particulars, and that the provisions in sections 1744–5–6–7–8, apply to equity suits as well as actions at law. The nature of the legal and equitable reform contemplated by the Code, is being better understood, as we have an opportunity of interpreting its provisions in the light of other similar systems, and the adjudications made elsewhere upon them. As we now understand it, the legislature intended to sweep away the common law forms of action with all their technical modes of pleading, and to substitute in their place one simple, uniform mode of procedure by petition, which should be alike applicable to law and equity relief. They did not mean by this to abolish the distinction between law and equity principles or jurisdiction, but merely to change the rule or course of proceeding by which the remedy in these two jurisdictions

might be administered through the same simple forms and as far as possible under like rules of practice; and this is the distinguishing feature, not only of the legal reforms elsewhere, but of our own new law of procedure, recently adopted by the legislature; and which in many important particulars is a great improvement upon our present system. With this view of the subject it is plain to perceive that sections 1744-5-6-7, apply to chancery proceedings, and that inasmuch as the petition in this case was not sworn to and did not call for an answer under oath, it was error to strike from the files of the court the answer because it was not thus sworn to.

The judgment of the court must therefore be reversed and the cause remanded for farther proceedings in accordance with this opinion.

Judgment reversed.