David H. Rust, and Jacob M. Besore, Plaintiffs in Error, *v.* John L. Mansfield *et al.,* and divers other parties, Defendants in Error.

### ERROR TO PIATT.

The answer of one defendant in chancery cannot be read in evidence against another, except in particular cases. As where the parties are copartners, or one has acted as agent of the other, and the matter in controversy springs out of such agency.

The declarations or admissions of a grantor of land, cannot be received in evidence, to prejudice the rights of a grantee.

The answer of a deceased ancestor may be read against heirs or devisees, where they claim under him in an action brought, for the same subject matter.

The record shows the consolidation of seven different petitions for the enforcement of mechanics' liens, as follows:

The petition filed, sets forth that the petitioners, on the 1st day of May, 1858, contracted with one Jacob Besore, to furnish the said Besore building materials, by and before the 17th of November, 1858, and by the terms of the contract the petitioners

were to furnish and deliver said Besore building materials as aforesaid, at the usual market price, at Decatur, Illinois, not to exceed one thousand dollars.

That at the time of making the contract aforesaid, that the said Besore was the owner of the following described real estate, situate, etc., known as the "Mill property" in Bement, as follows: commencing at a point in the centre of the Great Western Railroad, where the west line of the town of Bement intersects the railroad, thence south 21 degrees, east along the west side of Sangamon street, etc., in the county of Piatt, and State of Illinois.

That in pursuance of said contract the petitioners did furnish the building material aforesaid to the said Besore, and that Besore built and erected said mill house and dwelling house, out of and with the aforesaid building materials, furnished as aforesaid, etc.

That by the terms of the contract aforesaid, the said Besore was to pay for said building materials by the 17th of November, 1858, and in default of payment by said Besore, he was to execute his promissory note for the sum due for said building materials, payable one day after date, with ten per cent. interest after maturity. That on the 17th of November, 1858, the said Besore did execute his promissory note for $933.57, etc.

That at the time of making the aforesaid contract, to wit, on the 1st day of May, 1858, said Besore was the *equitable* owner of the before described land, by purchase of William Rea and John Ricketts, and that said Besore was in possession of said lot of land aforesaid.

That by the terms of the contract, the building materials aforesaid were to be furnished to said Besore within one year from the time of the making of the contract, and the said Besore was to pay for said lumber and materials, within less than six months after the delivery of said lumber and materials.

That on the 1st of January, 1859, the said Besore sold and conveyed, by quit-claim deed, the aforesaid described real estate, with the mill house and dwelling house aforesaid, to one David H. Rust; said Rust, at the time of said conveyance, agreeing with said Besore to pay off and discharge the amount due, which the said Rust refuses to do.

In consideration, etc., they pray that said Jacob Besore be made a party defendant to this petition, and that the Great Western Railroad Company who have easement over said premises, David H. Rust, William Rea, John Ricketts, Joseph Bodman, who hold a mortgage on said premises, and David Kuns, who was one of the grantees with Rea and Ricketts, of said premises, and one of the mortgagors in said mortgage to said

22

Bodman, also be made parties defendant, etc., to answer all and singular the allegations of the petition, etc.

The different petitions of the other cases consolidated, set forth the claims of the respective parties, whether for labor or materials furnished.

Upon the trial of said cause, a jury was waived, and the following evidence was offered by Mansfield, Freese & Co., to sustain the allegations in their petition: *Nathan W. Tupper* testified, that he had a conversation with Jacob M. Besore, and that the said Jacob M. Besore told said witness, that the contract between him (the said Besore) and Mansfield, Freese & Co., was correctly set forth in the said petition, that the said Jacob M. Besore had signed the note exhibited in the said petition, and that said note showed the true amount due from said Jacob M. Besore to the said petitioners for lumber and materials furnished for the said mill and dwelling house. That the conversation took place after the said Besore had sold out to David H. Rust, and after this suit had been brought. And introduced the note of Besore in evidence. The admissions of Besore were also offered, in behalf of the other petitioners.

The court found the issues respectively for the petitioners, and rendered judgment respectively in said cases.

H. C. McComas, and A. J. Gallagher, for Plaintiffs in Error.

Tupper & Nelson, for Defendants in Error.

Breese, J. We believe it to be a well settled principle, that the answer of one co-defendant in chancery, cannot be read in evidence against another, except in particular cases, as where such defendants are partners, or where one has acted as the agent of the other in any transaction to which the answer may relate, and the agency or partnership at the time of filing the answer still exists. In such cases, the answers of the partners will be evidence against the copartner, and that of the agent against his principal, when such copartner or principal claims through or under such partner or agent. *Rector* v. *Rector et al.*, 3 Gilm. 105. So when the deceased ancestor of parties defendants has answered a bill in chancery, his answer can be read in a suit against his heirs or devisees, brought for the same subject matter, and they claiming their rights under him. So it is with the admissions of parties thus situated. But it has never been held that the declarations or admissions of a grantor of land, made after the sale, can be received in evidence to prejudice the rights of the grantee. Ruin to the grantee might be the consequence, if such was not the rule. Declarations made by a

vendor after other rights have accrued, cannot be permitted to invalidate such rights. *Wheeler* v. *Mc Corristen*, 24 Ill. 42.

The admissions of Besore, therefore, under whom the appellant claims, having been made after the sale, ought not to have been received as evidence against the appellant, nor his answer either. His title to the land cannot be disparaged in that way.

We do not see why the plaintiffs in the action below did not take Besore's deposition, to prove the necessary facts embraced in his admissions and answers. It was competent for them to do so. We are clearly of opinion, that no such relation existed between him and the appellant Rust, as to authorize his admissions or answer to be used as evidence against Rust.

In the decree we may notice also an error. The decree directs Rust's interest to be sold. It should have directed only the interest Besore had at the time the liens accrued, to have been sold. Rust may have title independent of his purchase from Besore.

The decree is reversed, and the cause remanded.

*Decree reversed.*