JEROME MYERS, impleaded, etc., Appellant, v. JOHN H. KINZIE, Appellee.

## APPEAL FROM COOK.

An answer under oath must be disproved by two witnesses, or one witness with strong corroborating circumstances.

The declarations of a grantor, after the execution of a deed, are inadmissible to prejudice the grantee; so are the declarations of a vendor without deed, unless the vendee is present, and assenting; and so are the declarations of an assignor, who has assigned for the benefit of his creditors, as against the assignees.

Where personal property is assigned, and passes at once into the hands of the assignee, the deed of assignment need not be recorded.

To make a deed fraudulent, both parties must concur in the intent to commit the wrong.

An assignment for the benefit of creditors, although it may delay them, does not therefore contravene the statute of frauds.

THE facts of this case are stated in the opinion of the court.

WAITE & TOWNE, for Appellant.

A. E. WOLCOTT, and T. DENT, for Appellee.

BREESE, J.   John H. Kinzie filed his bill of complaint at the April term, 1859, of the Cook Circuit Court, against Jerome Myers and T. L. Rhodemyer, alleging that he leased Rhodemyer certain premises for two and a half years, from May 1, 1858, for $28.50 a month.   That on Nov. 3, 1858, he recovered judgment against Rhodemyer, before W. H. Stickney, J. P., for $50 and costs, for rent; and same day, execution issued, which was returned unsatisfied.   On Dec. 8, he obtained before the same justice of the peace, judgment for $50.   On Dec. 31, 1858, execution issued and was returned unsatisfied.   That Rhodemyer is still further indebted to him in $250 for rent. That after the recovery of said judgments, Rhodemyer made an assignment for the benefit of his creditors, to Jerome Myers; charges the same to be colorable, and intended to hinder and delay creditors, and Myers was knowing thereto, and that Myers is about to sell the assigned property; prays an injunction against his selling; requires an answer under oath; and prays that Rhodemyer may be decreed to pay his debt, and the property sold by order of the court, and proceeds applied to the payment of his debt.   An injunction was allowed.

Myers alone answered under oath; denies all knowledge of complainant's claim, or the rendering of judgment on any part of the same; denies that Rhodemyer has been combining with

him to cover his property ; admits that November 23, 1858 Rhodemyer made an assignment for the benefit of his creditors ; makes a copy part of his answer ; says that the same was made in good faith, and was not made to hinder and delay creditors, and denies all fraud ; says that it was not recorded, because it only covered personal property ; that he took possession of the assigned property the day the assignment was made ; denies that he knew of any fraudulent intent on the part of Rhodemyer, or any combining with him to defraud ; says that he has ever since been trying faithfully to execute it for the benefit of creditors ; has realized $182 under the assignment ; that he had advertised the property for sale at public vendue, and would have closed up the assignment, had he not been enjoined in this case.

A replication was put in, and the cause heard on bill, answer, and replication and testimony. A decree passed, declaring the assignment fraudulent and void, and the case brought here by appeal, and the error assigned is in this decree; that it is contrary to law, against equity, and contrary to the evidence, and that improper evidence was admitted.

We are at a loss to perceive on what grounds the Circuit Court pronounced the deed of assignment fraudulent and void, as against the complainant. Every material fact charged in the bill, is distinctly denied in the answer, and a transaction *prima facie* honest, and not colorable, is shown. The answer being upon oath, could only be disproved by two witnesses, or one witness with strong corroborating circumstances.

Where is the testimony to weaken, in the least degree, the answer, or to show fraud ? Is it that of constable Baxter ? His testimony was clearly inadmissible, on a well known principle, that the declarations of a grantor in a deed, made after the execution of the deed, cannot be received to prejudice the grantee. Nor are the declarations of a vendor, without deed, made after the sale of property, evidence against the vendee, except the vendee be present, assenting. Were it not so, who would be safe in purchasing property, or in taking a conveyance ? *Rust* v. *Mansfield et al.*, 25 Ill. 336.

No case can be found in the books, where it has been held that the statements of an assignor of property, assigned to trustees for the benefit of his creditors, made after the execution of the assignment, were legal evidence against the assignees. There would be no security in titles if they were.

The testimony of the justice of the peace shows, that the first judgment was a nullity. The defendant was not personally served with a summons, nor did he appear or acknowledge service. It was upon the execution issued upon this void judg-

ment, that the horse was seized by the constable, and which he restored to Myers, and is the one of which young Kinzie speaks. His testimony does not show any fraudulent act or intent. The refusal to permit him to copy the deed, was ungracious perhaps, but is not an indication of fraud. It was not necessary the deed should be put on record, as the property passed immediately into the hands of the assignee. *Wilson* v. *Pearson*, 20 Ill. 81.

The auctioneer states he was employed by the assignee to sell the property at auction, and after he arrived at the place, he found the property in possession of the sheriff's officers, and at their instance cried it off, and had a small surplus left after paying them. The sale was fairly conducted.

We look in vain to the testimony for the indications of fraud. They are wholly wanting. There is no testimony that the parties to the deed, entered into it with a fraudulent intent. Even if Rhodemyer intended to commit a fraud, there is no proof that Myers concurred, or had such a design. To make a deed fraudulent and void under our statute, it must be conceived of malice, fraud, covin, collusion or guile, with the intent to hinder, delay or defraud creditors, and both parties must harbor this intent. *Ewing* v. *Runkle*, 20 Ill. 448; *Wilson* v. *Pearson*, ib. 85.

We have examined the deed of assignment, made an exhibit in the cause, and it fulfills all the required conditions of a good and effectual assignment — it contains no special or unusual clauses, and devotes the whole property of the assignor to the benefit of his creditors, and although it may delay them in the collection of their debts, that of itself does not vitiate the deed. The intent so to delay them must be actually entertained, and proved by facts and circumstances, and is not an implication from the execution of the deed itself. Nor will the fraud of the assignor alone, without the concurrence of the assignee, render it void. *Sackett* v. *Mansfield*, decided at this term, *ante*, p. 21, lays down what is believed to be, the true doctrine, in such cases, in which the case of *McIntire* v. *Benson*, 20 Ill. 500, and *Bowen* v. *Parkhurst et al.*, 24 ib. 261, are referred to as more fully elucidating it.

The decree must be reversed, and the bill dismissed.

*Decree reversed.*