## CULBERTSON & RENO v. LUCKEY *et al.*

1. PRESUMPTIONS OF FRAUD. A sale of real estate by a parent to a child, in contemplation of insolvency, for a consideration different from that expressed in the deed, the grantee not taking possession under the

Culbertson & Reno v. Luckey.

sale, and failing to file the deed for record for a considerable time after the execution thereof, may, from the nature of the transaction and the relation of the parties, be presumed fraudulent; but such presumption is not sufficiently strong to overcome a positive denial of fraud in a sworn answer.

2. WEIGHT OF SWORN ANSWER IN CHANCERY. An answer in chancery under oath, in response to a petition demanding a verified answer, is equal in weight to the evidence of a disinterested witness.

3. CONSIDERATION: FRAUD. The fact that the consideration named in a deed is greater than that actually paid, is of itself insufficient to set aside a sale as fraudulent.

*Appeal from Washington District Court.*

TUESDAY, APRIL 8.

CREDITORS' BILL. The facts are fully stated in the opinion of the court.

*J. F. McJunkin*, for the appellant, argued:

I. That evidence sufficient to overcome the sworn statements in the answers should be equal to the evidence of two witnesses, citing 2 Story Eq. Jur. § 1528; 3 Greenl. E. § 287, and the authorities there referred to. *The State of Iowa, ex rel. The Attorney General*, v. *Tilghman*, 6 Iowa, 496; *Davis* v. *Stevens*, 3 Iowa, 158; *Waldron* v. *Zollicoffer*, 3 Iowa, 108; *Pierce* v. *Wilson et al.*, 2 Id. 20; *Chuevelte* v. *Mason*, 4 G. Greene, 231; *Clark* v. *Langworthy*, 3 Iowa, 563.

II. That when a cause is submitted on bill and answer, the answer will be considered as true. *Childs* v. *Horr*, 1 Iowa, 432; *Westfall et ux.* v. *Lee et al.*, 7 Id. 12.

III. That the answer in this case shows that the conveyance which complainant seeks to set aside was made in good faith by both the grantor and grantee; that it was for a good and valuable consideration; and at the time of such sale, the respondent Luckey had other property from which complainants' claim could have been made.

*Clark & Bro.*, for the appellees, contended:

I. That the execution and return of *nulla bona* thereon

is conclusive evidence that the defendant had not sufficient property from which the claim of complainants could be made. *Postlewait et al.* v. *Howes et al.*, 3 Iowa, 383.

II. That defendant was ignorant of complainants' claim when she received the conveyance from her father, can make no difference if she is not a *bona fide* purchaser.

III. The formal denial of fraud in the answers of the defendants is unavailing when such answers admit facts, or fail to deny facts alleged by the bill, which render the transaction legally or constructively fraudulent. *Hawley* v. *Kramer*, 4 Conn. 717; *Manice* v. *New York Dry Dock Company*, 3 Edwards' Ch. 113; *Fellows* v. *Fellows*, 4 Conn. 682; *Wheat* v. *Moss*, 16 Ark. 243; *Morris et al.* v. *Blair*, 1 Stock. (N. J.) 535; *Wright* v. *Prescott*, 2 Barb. S. C. 696.

IV. These answers are evidence for defendant only "upon every matter stated in the bill, and responsive to it." *The State of Iowa* v. *Tilghman*, 6 Iowa, 500.

V. When a vendee claims to have taken land in payment of an antecedent debt of the vendor, he must prove as against the existing creditors of the vendor, the existence of the debt. *McCoskle* v. *Amarine*, 12 Ala. 17; *Clark* v. *Dupew*, 25 Penn. (1 Casey) 509.

VI. A deed purporting to have been made on a moneyed consideration, cannot, when attacked as fraudulent against the creditors of the grantor, be propped up by proof of an antecedent indebtedness to the grantee, such consideration being inconsistent with that expressed on the face of the deed. *Bullitt* v. *Worthington*, 3 Md. Ch. Dec. 99, and *Glenn* v. *Randall*, 2 Id. 220.

BALDWIN, C. J.—The complainants obtained a judgment against the defendant Luckey, upon which an execution issued, and a return of no property was made. They now seek to set aside a conveyance made by the said Luckey to the defendant, Hetta J. Mitchell, which was executed and recorded prior to the date of complainants' judgment,

and ask for an order of court subjecting the property thus conveyed to its payment.

The allegations in the bill, are, substantially, that the defendant Luckey made the said conveyance in contemplation of insolvency, and for the purpose of avoiding the payment of the plaintiffs' claim; that it was executed and delivered without consideration; that the grantee was the daughter of Luckey; and that it was understood when such conveyance was made, both by the grantor and grantee, that the property was to be reconveyed to the father when he might so desire. The deed bears date July the 29th, 1858, and was filed for record on the 15th day of December following. The proceedings against Luckey, in which the plaintiffs obtained said judgment, were commenced in Louisa county on the 23d day of November, 1858, and the judgment rendered at the April term following.

The complainants, in their bill, call upon the defendants to respond to certain interrogatories therein propounded. To these, the defendants reply in substance, that the said Luckey and Hetta sustain toward each other the relation of parent and child. They each deny the allegation of fraud, or any intention to defeat the complainants in the collection of their debt. They deny that the conveyance was pretended, or that there was any understanding or agreement that the said Hetta was to reconvey, or that the said lands were held by her in secret for the use and benefit of her father. The said Hetta avers that she paid to her father the sum of $250 in consideration of such conveyance, and that at the time of such conveyance she knew nothing of the indebtedness of her father to the complainants, that she bought the said property in good faith, and for a valuable consideration. The judgment of complainant and the deed by Luckey, were the only evidence introduced to controvert these answers. A decree

being rendered in favor of complainant, respondents appeal.

It is maintained by the counsel for appellees that the circumstances attending this sale are sufficient to raise such presumptions of fraud as to overcome the answers of respondents. The evidences of fraud as thus relied on, consist in the sale of the land by a parent to a child, the time when made, the amount of the consideration paid—it being less than that named in the deed—the vendee not taking possession under the sale, the mortgage upon other lands of Luckey to other relatives, the failing to file the deed to the said Hetta for such a length of time after the execution thereof. Each of these circumstances are sufficient to raise presumptions of fraud, and "fraud may be presumed from the nature of the transaction and the relation of the parties." Sales by a parent to a child, made in contemplation of insolvency, are to be regarded as evidences of fraud. But after giving due consideration to these suggestions of counsel, we are of the opinion that they are not sufficient to overcome the effect of defendant's answer. Where fraud is denied, it must be satisfactorily established by proof. *Waldron* v. *Zollikoffer*, 3 Iowa, 108. The rule is well settled, that when the allegations of the bill are denied by the answer of the respondent, the bill should be dismissed, unless it is well supported by evidence. In 3 Greenl. Ev. § 289, it is said, that "an answer which is responsive to the allegations and charges made in the bill, and contains clear and positive denials thereof, must prevail, unless it is overcome by the testimony of two witnesses to the substantial facts, or at least by one witness and other attendant circumstances which supply the want of another witness, and thus destroy the statements of the answer, or demonstrate its incredibility or insufficiency as evidence." See cases there cited, and also by the counsel for appellant.

It has also been held by this court, that §§ 1744–5–6–7, apply to chancery, as well as to proceedings at law. See *Shepard* v. *Ford,* 10 Iowa, 502. Under these sections, the complainants could call upon the respondents for an answer under oath, but when made it is to be considered as evidence of equal weight of that of a disinterested witness. The answer of the respondent, Hetta J. Mitchell, if taken as true, or as possessing the same weight as that of a disinterested witness, and being uncontroverted except by the mere presumptions of fraud attending the sale as above stated, we readily conclude that the decree of the court was erroneous.

The fact that the consideration named in the deed is greater than that actually paid, is of itself insufficient to set the sale aside.

The complainants having called upon the respondents to answer under oath, the allegations of the bill, must abide the effect of their answer, unless they can overcome the same by proper testimony.

The petition of complainants should have been dismissed.

Reversed.