(*Circuit Court of Peoria County.*)

### Mark M. Bassett

### vs.

### Thomas Fahey.

#### (1879.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS—VALIDITY—EFFECT OF POSSESSION. A voluntary assignment for the benefit of creditors is not in itself void and where possession accompanies the deed, it will prevail over executions subsequently issued in the absence of legislation to the contrary.

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS—LAW OF 1877—INVENTORY OF ASSETS AND LIST OF CREDITORS—OMISSION OF—EFFECT. The omission to make an inventory of assets and a

list of creditors and attach the same to an assignment for the benefit of creditors, as provided in the law of 1877, does not make the assignment void.

3. Same—Bond of Assignee—Executions Before Bond Given. A voluntary conveyance for the benefit of creditors is not void as to an execution served after the deed has been delivered but before the assignee has entered into the bond provided in the law of 1877.

4. Same—Where Title Passes to Assignee—When to Make Inventory and Valuation and Enter Into Bond. For the purpose of taking possession of the estate of the debtor the title of the assignee vests from the time of the delivery of the deed of assignment and he has a reasonable time thereafter to see that an inventory and valuation is made and in which to enter into his bond. These acts, when performed relate back to the time of the delivery of the deed of assignment. Sections 3 and 12 of the act lead to this conclusion.

5. Same—Notice—Failure to Acknowledge or Record Deed Where Possession of Property Taken. Where possession is taken of the debtor's property under a voluntary assignment for the benefit of creditors, a failure to record or acknowledge the deed does not render it fraudulent as to a subsequent execution creditor. Possession is sufficient notice to the latter.

Action of replevin. Heard before Judge McCulloch. The facts are stated in the opinion of the court.

McCulloch, J. :—

This is an action of replevin brought to recover certain articles of jewelry claimed by plaintiff under a deed of assignment dated July 2d, 1877, made by James A. Hutchinson for the benefit of his creditors, which the defendant, as constable of Peoria county, levied upon by virtue of an execution, dated on the same day as the assignment.

No question is made as to the validity of the execution, nor that it became a lien upon the property of Hutchinson from the time it came into the hands of defendant, as constable, which time the proof shows to have been at 9 o'clock a. m. of the day of its date.

Nor is any question made as to the good faith of the assignment, any further than that both plaintiff and Hutchinson at the time of the execution of the deed of assignment

knew of the pendency of the suit and that judgment was about to be rendered in the case wherein said execution was issued. This fact alone does not prove the assignment to have been fraudulent as to creditors.

It appears from the evidence that Hutchinson had been contemplating the making of an assignment for several days previous to the second day of July, and possibly the papers were prepared before that date, but its actual execution and delivery took place early in the morning of that day. The day preceding this transaction, the act of May 22, 1877, concerning voluntary assignments came in force, but it appears in proof, that the attention of the assignee was not called to the same until some time during the same day, but after the execution came into the hands of defendant. It was therefore not in the mind of either Hutchinson or the plaintiff at the time to follow the provisions of that statute.

It is in proof that plaintiff took possession of the property in question, claiming title under said assignment, at the hour of 8 o'clock a. m. on the second day of July, so that if his title under said deed is a good one, it takes precedence of defendant's title by about an hour.

The act of May 22 came in force July 1, 1877. At the time plaintiff took possession of the property in question, several plain provisions of this act had not been complied with.

The debtor had not verified by his oath the schedules of creditors and assets attached to the deed; he had not acknowledged the execution of the deed, nor had it been recorded; the assignee had not filed in the office of the county clerk any inventory and valuation of the property coming into his hands by virtue of said assignment, nor had he entered into any bonds for the faithful performance of his duties as such assignee: Session Laws 1877, p. 116.

Both plaintiff and Hutchinson rested in the belief that they had done all that the law required them to do. It cannot, therefore, be charged upon them that they, or either of them, intentionally omitted any duty imposed on them by the law.

It is now contended, on the part of the defendant, that,

notwithstanding plaintiff's possession, these omissions render the deed of assignment void as to defendant, and that having acquired a valid lien before the statute had been fully complied with, in the foregoing particulars, he has a right to retain the same, by virtue of his levy.

The proof further shows, that on the same day of the assignment, plaintiff's attention was called to the provisions of the act of May 22nd, and that thereupon, he immediately set about complying with its terms. He procured the affidavit of Hutchinson to be annexed to the schedules already attached to the deed of assignment. He also procured the acknowledgment of Hutchinson to the execution of the deed, to be duly certified thereon by a notary public. No objection has been urged to these instruments for deficiency in form or substance. Plaintiff also prepared an inventory and valuation of the estate, so far as the same had come to his knowledge, which, having been duly verified by his own oath, he filed in the office of the clerk of the county court, and then and there executed a bond as required by the statute, and took the receipt of the clerk therefor. No objection is taken to these papers for defect, either in form or substance. These documents were all executed and (so far as necessary, to be filed in the clerk's office), were filed on the 3d day of July. The deed also bears the file mark of the county clerk, dated July 3d, but it was not filed for record in the recorder's office until the 6th day of August.

It is now too late to say, nor is it claimed, that a voluntary assignment by a debtor for the benefit of his creditors is, in itself, void. It is also settled that where such an assignment is fairly made, and possession accompanies the deed, it will prevail over executions subsequently issued, unless there be something in recent legislation to render it void. This point is decided by the supreme court in a case very similar to the one at bar: *Wilson v. Pearson,* 20 Ill. 81, followed and approved in *Myers v. Kinzie,* 26 Ill. 36.

It is now claimed that under the act of May 22nd, 1877 (Laws of 1877, p. 116), no deed of assignment, whether accompanied with possession or not, can take effect as against

creditors until the provisions of that act have been fully complied with, up to and including the filing of the bond by the assignee.

The point thus raised is one of very grave importance requiring for its solution a close examination of the statute in question, and a careful comparison thereof with other statutes in force.

By the first section it is provided:

"That in all cases of voluntary assignments hereafter made for the benefit of creditor or creditors, the debtor or debtors shall annex to such assignment an inventory, under oath or affirmation, of his, her or their estate, real and personal, according to the best of his, her or their knowledge; and also a list of his, her or their creditors, their residence and place of business, if known, and the amount of their respective demands; but such inventory shall not be conclusive as to the amount of the debtor's estate, but such assignment shall vest in the assignee or assignees the title to any other property not exempt by law, belonging to the debtor or debtors at the time of making the assignment, and comprehended within the general terms of the same."

It is very evident that the making of the inventory of assets and the list of creditors and annexing the same to the deed, are not conditions precedent to the taking effect of the deed, so as to pass title to the assignee, nor are they necessary parts of the deed; for it is provided in the eighth section:

"That no assignment shall be declared fraudulent or void for want of any list or inventory, as provided in the first section of this act."

The same section then goes on to provide for a compulsory disclosure on the part of the debtor, of the condition of his estate, the names of his creditors and the amounts due to each, with their places of residence.

It is objected that the deed of assignment is void because the assignee had not, at the time the execution came to defendant's hands, entered into bonds as provided by law for the faithful execution of his duties as such assignee.

By section 3 of said act it is provided:

"That the assignee or assignees shall also forthwith file with the clerk of the county court, where such assignment shall be recorded, a true and full inventory and valuation of said estate, under oath or affirmation, so far as the same has come to his or their knowledge, and shall then and there enter into bonds to the people of the state of Illinois, for the use of the creditors in double the amount of the inventory and valuation, with one or more sufficient sureties to be approved by said clerk, and the said clerk shall give a receipt therefor, and the assignee or assignees may thereupon proceed to perform any duty necessary to carry into effect the intention of said assignment as respects the collection of debts and the sale of real and personal estate."

By section 12, it is provided that:

"In case any assignee shall fail or neglect, for a period of twenty days after the making of any assignment, to file an inventory and valuation, and give bonds as required by this act, it shall be the duty of the county judge of the county where such assignment may be recorded, on the application of any person interested as creditor or otherwise, to appoint some one or more discreet and qualified person or persons to execute the trust embraced in such assignment; and such person or persons, on giving bond with sureties, as required above, of the assignee or assignees named in such assignment, shall possess all the powers thereby, and by this act conferred upon such assignee or assignees, and shall be subject to all the duties hereby imposed, as fully as though he or they are named in the assignment," etc.

By reading these two sections in connection, it will be perceived that certain acts are to be performed by the assignee under the deed of assignment before he is required to file his bond. He must make an inventory and a sworn valuation of the estate, so far as it has come to his knowledge. Upon this valuation the amount of the penalty of his bond is fixed. The making of the inventory and valuation necessarily presupposes an acceptance of the trust. A deed of

assignment, like every other deed, in order to pass title to the assignee, requires a delivery by the grantor and an acceptance by the grantee. In this instance, the assignee accepted the trust in writing by uniting with the debtor in the signing of the deed. A delivery of the deed to him after such signing imposed upon him the duty to proceed with the execution of the trust. The deed cannot be recorded as an executed deed until its delivery, either actually or constructively. But the taking possession of the deed by the assignee, and assuming to act under it, amounts to an actual acceptance of the trust. The making of an inventory and valuation necessarily precede the execution of the bond. An acceptance of the trust therefore necessarily precedes the filing of the bond by the assignee.

The first point to be determined is at what time the title as between the parties to the deed passes to the assignee. A reading of the third section alone would seem to indicate that, for the purpose of taking possession of the estate, preliminary to the making of the inventory and valuation, the title passes to the assignee; and that he be allowed a reasonable time thereafter within which to perfect the title, so as to enable him to collect debts and sell the property of the debtor. We might well stop here in the discussion of this point, for it appears from the evidence that the assignee used all reasonable diligence, after acceptance of the deed in making and filing this inventory and valuation, and in executing his bond as required by law. His acts in this respect being within a reasonable time, must be held to relate back to the execution of the deed.

But a much more potent reason is found in section twelve. Irrespective of the statute, by an acceptance of the deed the assignee becomes the trustee of all the creditors, and any subsequent renunciation on his part does not affect the validity of the conveyance. Burrill on Assignments, Ch. 24. Now if it be the intention of this statute to postpone the taking effect of the deed until a bond is filed, no trust is created until that has been done, and no rights become vested

in the creditors. The deed may therefore be revoked by the debtor, for it is in the nature of a deed of assignment, that it may be revoked at any time before rights have become vested in it. Burrill on Assignments, Ch. 34.

But in section 12 it is provided, that if the assignee shall fail or neglect, for a period of twenty days after the making of the assignment, *to file an inventory and valuation, and give bond as required by law,* it shall be the duty of the county judge to appoint a proper person to execute the trust, who shall likewise file an inventory and give bonds in like manner as the grantee in the deed. Now if the title does not pass out of the debtor until the inventory and bond are filed, then the debtor has it in his power, in case the assignee appointed by the county judge is not acceptable to him, to defeat the operation of section twelve *in toto,* by a revocation before the new trustee has filed his bond.

The evident intent of section twelve is to preserve the trust for the benefit of the creditors, and for this purpose the assignee has twenty days in which to file his inventory, valuation and bond. If at the end of that time he has failed to comply with the law in this respect, the county judge may appoint some one to execute the trust. The statute therefore preserves the trust for the benefit of creditors, although no inventory, valuation or bond be filed by the first assignee.

The deed is therefore valid and binding between the parties, from the time of its execution and delivery, although no bond be given, and must be held good as against execution creditors, unless some other fact intervenes, sufficient to render it fraudulent and void as to them. In Missouri, where a statute very similar to this one is in force, the law is so held: *Hardcastle v. Fisher,* 24 Mo. 70.

It is further objected that this deed is void as to defendant, because at the time the execution came into his hands as constable, it was neither acknowledged nor recorded. By section one of the act in question it is further provided that:

"Every assignment shall be duly acknowledged and recorded in the county where the person or persons making the

same reside, or where the business in respect of which the same is made has been carried on; and in case said assignment shall embrace lands or any interest therein, then the same shall also be recorded in the county or counties in which said land may be situated.''

If this provision were to be interpreted without reference to any other legislative enactments, it would be somewhat difficult to determine the exact meaning of the language employed. What is an acknowledgment? Before what officer must it be taken? How shall it be certified? Is the acknowledgment an essential part of the deed? What is the purpose of recording the deed? What effect is the recording of the deed intended to have by way of notice to third parties? Does the recording of the deed dispense with the necessity of taking possession of personal property, and so vest title thereto wherever situated in the assignee? Does the deed by being recorded in the county of the debtor become effectual to pass the title to personal property, wherever situated, while as to real estate the title becomes vested in the assignee only when recorded in the county where the land lies?

These questions and many others that might be suggested this statute leaves unanswered. We must therefore look elsewhere for its true interpretation.

Section 28, ch. 30, R. S. 1874, on conveyances, requires all deeds concerning real estate to be recorded in the county where the land is situated. Section 31, provides that deeds relating to realty, recorded, although not acknowledged according to law, shall be notice to subsequent purchasers and creditors. Several other sections of the same statute provide the manner and form of acknowledgments to which special reference need not be made. Applying the foreging provisions to the deed in question it would take effect as to lands so as to be good as against creditors only when recorded in the county where such lands are situated, but although not acknowledged according to law, it would be notice from the time of its being recorded. There appears to be no good rea-

son why these provisions should not apply to the deed in question. It is however the uniform ruling of the supreme court that if possession be taken under a deed to real estate, it need not be either acknowledged or recorded.

There appears, however, to be this difference between deeds of real estate and those relating to personal property. While a deed of real estate, although not acknowledged according to law, may be recorded, and so become notice to creditors, there appears to be no statute authorizing the recording of a deed relating to personalty without its being duly acknowledged.

As already seen, a deed of personalty made in good faith, accompanied with possession is good against creditors not having a lien, but it is also true that unless possession accompanies the deed it is *prima facie* at least void as to creditors. The object of recording deeds of personalty is therefore to provide, in certain instances, for the vesting of an interest in the grantee although he may not acquire the immediate possession.

Does the acknowledgment then become an essential part of the deed? As already observed, there is no statute authorizing the recording of a deed of personalty unless it be duly acknowledged. So far, therefore, as the efficacy of a deed as to personal property depends upon its being recorded, it must also be acknowledged; for by sec. 30, ch. 30 R. S. 1874, it is provided that:

"All deeds, mortgages and other instruments of writing which are authorized to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers, without notice, until the same shall be filed for record."

The deed in question being one authorized by law to be recorded, it must, as to the personalty, be adjudged void as to creditors and subsequent purchasers without notice, until

it shall be duly acknowledged and recorded. This is the plain import of the language of the statute. But the acknowledgment of the deed is only a pre-requisite to its being recorded. That ceremony does not add to the force of the instrument as a common law deed, nor does the want of it detract anything from its efficacy as such. In the case of a married woman's deed, the acknowledgment under the old laws was held to be an essential part of the deed. The reason was that she being by common law disabled from making a deed, derived her power to do so wholly from the statute and by that statute, she was required to acknowledge her deed. It was therefore held that without her acknowledgment her deed was void. In this case the grantor is by common law capable of making a deed without an acknowledgment, and therefore if there be no statute rendering his deed invalid unless acknowledged, the courts cannot hold his deed to be void.

It is, however, insisted that this, being a voluntary conveyance for the benefit of creditors, and without consideration, is fraudulent and void as to creditors unless the deed is recorded. The ground of objection seems to be that the legislature having undertaken to legislate upon a subject of such vital interest, it must be presumed they intended to cover the whole ground, and that therefore when the statute says that such deeds must be recorded, it follows by necessary implication that unless recorded they are void. It might be a sufficient answer to this position to say the statute has not so declared, and we have no right to add to the statute.

But as already observed, this statute evidently had reference to the existing laws upon the subject of acknowledging and recording deeds. If this is a voluntary conveyance without valuable consideration, what says the law as to the necessity of its being recorded? (On the subject of voluntary conveyances being subject to existing liens, see *Willis v. Henderson,* 4 Scam. 13; *Goodwin v. Mix,* 38 Ill. 115; *Dole v. Olmstead,* 41 Ill. 344; *O'Hara v. Jones,* 46 Ill. 228.) Sec-

tion 6 of the Statute of Frauds (Rev. Stat. 1874, p. 541), provides that:

"Every conveyance of goods and chattels, on consideration not deemed valuable in the law, shall be taken to be fraudulent, unless the same be by will duly proved and recorded, or by deed in writing duly acknowledged or proved and recorded, as in the case of deeds of real estate, or unless possession shall really and *bona fide* remain with the donee."

What the effect of the statutes in question may be upon personal property not actually reduced to possession, it is not necessary for us now to decide. In this case the possession having accompanied the deed, it is very evident, it is not rendered void by the Statute of Frauds. Chap. 95, Rev. Stat., relative to chattel mortgages, provides that no chattel mortgage not accompanied with possession of the property, shall be valid as against third persons, unless acknowledged and recorded as therein provided. The statutes now quoted, seem to be the only ones bearing upon the question at issue. Not one of them in terms renders this deed void if the creditor had notice thereof. The uniform course of decisions in this state, is that possession under a deed is notice of the possessor's title, whether the property be real or personal.

In the absence of any statute to the contrary, I am bound to hold the decisions in *Wilson v. Pearson*, 20 Ill. 81, and *Myers v. Kinzie*, 26 Ill. 36, conclusive of this question.

The finding of the court will therefore be for plaintiff upon the issues joined.