# Pattison *v.* Bragg.

*Bill in Equity by Judgment Creditor, to subject Property Fraudulently Conveyed by Debtor.*

1. *Conveyance by insolvent or embarrassed debtor; when set aside at instance of creditor.*—A conveyance of his property by an insolvent or embarrassed debtor, though executed with the fraudulent intent on

[Pattison v. Bragg.]

his part to put his property beyond the reach of his creditors, will not be set aside in equity at their instance, unless the purchaser participated in the fraudulent purpose, or had knowledge or notice thereof, actual or constructive; and when answer on oath is required of him, and he answers fully and explicitly, denying all knowledge or notice as charged, his denials must prevail, unless the testimony adduced is sufficient to overcome them.

2. *Inconsistent prayers for relief; relief under general prayer.*—If a creditor, filing a bill to set aside an alleged fraudulent conveyance by his debtor, and to subject the property conveyed to the payment of his debt, may also ask, in the alternative, to hold the purchaser liable for a balance of purchase-money paid after bill filed and process served (which is not decided), he can not have that relief under the general prayer.

APPEAL from the Chancery Court of Wilcox.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on the 2d July, 1887, by Thomas H. Pattison, as a judgment creditor of Thomas Bragg, against said Thomas Bragg, Willis Bragg, Robert J. Carson, and others; and sought to set aside a conveyance of his property executed by said Thomas Bragg to Willis Bragg, who was his younger brother, and to said Carson, who was his cousin, and to subject the property to the satisfaction of the complainant's debt, which was evidenced by two judgments recovered against him as surety for said Thomas Bragg, and which he had paid, taking an assignment of them to himself, and having an execution afterwards returned "No property found." One of said judgments was rendered on the 26th May, and the other on the 2d June, 1887; but, in each case, the action was commenced in November, 1886, and the judgment was by default. The deed assailed for fraud was dated May 16th, 1887, and recited the payment of $2,750 as its consideration; the property conveyed consisting of one lot or more in the town of Camden, on which there was a livery-stable, and a tract of land containing about 250 acres, adjoining the corporate limits of said town, on which there was a growing crop of corn and cotton; but this property was incumbered with two mortgages, which were recognized and mentioned in the conveyance to said Willis Bragg and Carson. On the same day this conveyance was executed, Thomas Bragg sold to said Willis Bragg and R. J. Carson the horses and mules on the land, the farming implements, and all of his other personal property not exempt from levy and sale under legal process; and the bill assailed the validity of this sale, as being part of one and the same transaction. The bill alleged that, at the time the conveyance was executed and the sale made, Thomas Bragg was financially embarrassed,

if not insolvent; that the conveyance included all of his property which was subject to levy and sale under execution; that the property conveyed was worth at least $5,000; that the conveyance was executed by the grantor with the fraudulent purpose of putting his property beyond the reach of his creditors, in view of the suits then pending against him, in which the judgments paid by complainant were rendered; that the purchasers had knowledge or notice of said debtor's financial condition, and participated in his fraudulent intent; and that the recited consideration was fictitious in whole or in part. Answers on oath were required, and specific interrogatories annexed to the bill as to all the details of transactions between the parties.

An answer on oath was filed by Willis Bragg, containing full answers to each of the interrogatories; and an answer was also made by said Carson, which was duly sworn to, but he died before it was filed, and it was afterwards filed by his widow and administratrix, against whom the cause was revived, as a part of her answer. Each of these answers denied, fully and explicitly, any knowledge on the part of the respondents of said Thomas Bragg's alleged fraudulent purpose, and any knowledge or notice of his indebtedness beyond the two mortgage debts; alleged that the real value of the property was, as estimated in the contract, about $3,400, of which sum $390 was paid in cash, a draft for $1,636 given on one Nunnalee, a banker who lived in Texas, who was an uncle of the parties, and who had promised to lend them $2,000 to complete the purchase, and the balance was the aggregate of the two mortgage debts; and made other specific statements and denials in detail.

On final hearing, on pleadings and proof, the Chancellor refused to set aside the conveyance, holding that the evidence was not sufficient to overcome the denials of the sworn answers; and he further held that no relief could be granted as to the $1,636 paid on the draft after the filing of the bill, since that relief would be inconsistent with the prayer of the bill. The complainant appeals, and assigns the decree as error.

J. N. MILLER, and B. HOWARD, for appellant.—(1.) The fraudulent intent of Thomas Bragg, the debtor and grantor, is not controverted; and the only question is, whether the grantees participated in that fraudulent intent, or had knowledge or notice thereof. The appellant relies, in this connection, on the relationship between the parties, their

intimate association, and the particular circumstances attending and following the transaction, as developed by the evidence—the hurried visit of the debtor to Texas, his quick return, followed by his kinsmen, the haste with which the trade was consummated, the entire change it worked in the business of the several parties, and the uncertainty in the proof as to the consideration.—*Crawford v. Kirksey*, 55 Ala. 282; *Lehman v. Kelly*, 68 Ala. 192; *Hodges v. Coleman*, 76 Ala. 173; Bump Fraud. Conveyances, 3d ed., 55. (2.) The purchasers, if entitled to protection at all, can only claim reimbursement of the $390 paid in cash; the draft for $1,636 not being paid until the lapse of several months after the service of process in this case.—*Bush v. Collins*, 35 Kansas, 535; *Ware v. Curry*, 67 Ala. 274; *Sewing-Machine Co. v. Zeigler*, 58 Ala. 221; Wait's Fraud. Conveyances, § 369. That the draft was revocable, until accepted or paid, see 27 Ala. 399; 77 Ala. 168, 330. Relief to the extent of this $1,636 is not inconsistent with the special prayor of the bill, and may be granted under the general prayer—it varies only the degree and measure of relief.—*Morrow v. Turney*, 35 Ala. 131–39.

R. GAILLARD, and S. J. CUMMING, *contra.*—(1.) The answers are under oath, as required by the bill, and contain very full and particular denials of the charges of fraud and notice; and these denials must prevail, unless overcome by the positive testimony of two witnesses, or of one witness with strong corroborating circumstances.—Cases cited in 1 Brick. Digest, 738, § 1466; 53 Ala. 197; 67 Ala. 529; 66 Ala. 517; 52 Ala. 554. (2.) The fraudulent intent of the grantor does not affect the purchasers, unless it is shown that they participated in it, or had knowledge of facts charging them with notice.—*Crawford v. Kirksey*, 55 Ala. 282; *Pickett v. Pipkin*, 64 Ala. 520; *Bradley v. Ragsdale*, 64 Ala. 558; *Hodges v. Coleman*, 76 Ala. 103; *Shealy v. Edwards*, 76 Ala. 176; *Marshall v. Croom*, 52 Ala. 554; *Borland v. Mayo*, 8 Ala. 104. The pendency of a suit is not constructive notice of indebtedness to persons who are not parties to it.—Bump Fraud. Con., 38. Fraud is not to be presumed, when the facts may reasonably consist with honest intention.—*Thames v. Rembert*, 63 Ala. 561; *Bailey v. Litten*, 52 Ala. 282; *Harrell v. Mitchell*, 61 Ala. 271. The adequacy of the consideration paid being fully established, the fact of relationship does not establish the charge of fraud, and is not even a badge of fraud.—*Marshall v. Croom*, 52 Ala. 554; *Hubbard v. Allen*, 59 Ala. 283; *Barnard v. Davis*, 54 Ala. 565. (3.) The bill

[Pattison v. Bragg.]

sought to set aside the sale and conveyance on the ground of fraud, in which the purchasers were said to have participated. If the complainant had established his case, the purchasers could not have claimed to be reimbursed to the extent of the $390 paid in cash; nor can the complainant, even by an amended bill, claim relief to the extent of the draft for $1,636.—*Gordon v. Tweedy*, 71 Ala. 202; *Potter v. Gracie*, 58 Ala. 303; *Caldwell v. King*, 76 Ala. 129.

STONE, C. J.—We have examined the pleadings and testimony in this case with great care. We agree with the chancellor in finding that Thomas Bragg's intent in selling and conveying his property to Willis Bragg, his brother, and to Carson, his cousin, was fraudulent; and if he alone were concerned, we would not hesitate to declare the property subject to Pattison's claim.—*Borland v. Mayo*, 8 Ala. 104; *Marshall v. Croom*, 52 Ala. 554; *Crawford v. Kirksey*, 55 Ala. 282; *Hubbard v. Allen*, 59 Ala. 283; *Donegan v. Davis*, 66 Ala. 362; *Lehman v Kelly*, 68 Ala. 192; *Hodges v. Coleman*, 76 Ala. 103. But the complainant in his bill called for a sworn discovery from the purchasers, and propounded to them searching interrogatories. Their answers are a very full denial of all knowledge on their part of Thomas Bragg's fraudulent purpose, and of his indebtedness beyond what he provided for in his sale to them. They equally denied all participation in any and all fraudulent intent on the part of Thomas Bragg, if he entertained such intent. The testimony fails to overcome these denials, and it results that in this phase of the case complainant must fail.

It is contended here that, if complainant fails in this leading aspect of his case, then he is entitled to recover the amount of his claim out of the sixteen hundred dollars of purchase-money, which Willis Bragg and Carson owed when this bill was filed and process served on them. A sufficient answer to this contention is, that the bill contains neither averment nor prayer which could raise that issue, even if it be conceded such purpose could be conjoined with the main object of the bill.—*Caldwell v. King*, 76 Ala. 149; *Coffey v. Norwood*, 81 Ala. 512; *Parsons v. Johnson*, 84 Ala. 254; *Shealy v. Edwards*, 78 Ala. 176.

The decree of the chancellor is in all respects affirmed.