. MILLEY DAY, JAMES DEMOREST AND HIS WIFE, MATTIE A. DEMOREST, APPELLANTS VS. N. J. JONES AND HIS WIFE, BONITA E. JONES, APPELLEES.

When complainants, in their bill to set aside a conveyance alleged to be fraudulent require defendants to answer under oath as to the consideration for and delivery of such conveyance and all other allegations of the bill impeaching its validity, and the defendants answer under oath asserting due delivery of the deed, disclosing fully the consideration inducing its execution and how and when it was paid, and deny all allegations of the bill impeaching the validity of the conveyance, such answers are binding upon complainants unless overcome by the testimony of two witnesses or by one witness and corroborating circumstances.

Appeal from the Circuit Court for Bradford County.

*Statement.*

On August 26, 1893, appellees filed their bill of complaint against appellants in the Circuit Court of Bradford county, alleging that on March 7, 1892, Mary G. Witkovski purchased a certain parcel of land in said county at a sheriff's sale under execution issued upon a judgment recovered by her against Milley Day on November 19, 1891; that on June 30, 1892, Mary G. Wit-

kovski conveyed said land to complainant, Bonita E. Jones, who with her husband entered into and continued to hold possession thereof; that on September 9, 1891, while Mrs. Witkovski's suit against Milley Day was pending, the latter executed a deed to her daughter, Mattie A. Demorest, conveying in fee simple with warranty, the parcel of land mentioned, and caused same to be filed for record; that at the time of the execution and acknowledgement of this deed Mrs. Day was in Bradford county, and her daughter in Rochester, New York; that at said time and at the time of the levy of the execution Mrs. Day owned no other visible property in Florida subject to execution; that the deed to Mrs. Demorest was not delivered until after levy of the execution upon the land; that it was a voluntary conveyance made for the purpose of hindering and defrauding Mrs. Witkovski; that the recital of a $500 consideration therein was false and fraudalent, and upon information and belief the truth was alleged to be that no consideration whatever was paid for said conveyance.

It was further alleged that on June 19, 1893, Mrs. Demorest began an action of ejectment against complainants to recover the land; that subsequent to the execution of the deed Mrs. Day told complainant, N. J. Jones, that Mrs. Demorest had paid nothing for the lot, and she also tried to borrow money from one W. W. Sapp, offering a martgage on the lot as security. Specific interrogatories were in the bill required to be answered under oath concerning the consideration for the deed to Mrs. Demorest; how paid, and if by check or draft, to attach same to the answer; and if in money, to state who was present, and when and where it was paid, and whether it was ever returned to Mrs. Demorest or any one for her; inquiring also where Mrs. Demorest was at the time the deed was made, who filed it for record, to whom it was delivered, and whether by Mrs.

Demorest's authority; whether it had ever been delivered to Mrs. Demorest; and, if so, when, where, who was present and by whom it was delivered; inquiring also if there had ever been any correspondence between Mrs. Day and Mrs. Demorest regarding sale of said property prior to September 9, 1891; and, if so, to attach same to the answer; and whether Mrs. Day, subsequent to September 9, 1891, did not claim to be the owner of the lot, and attempt to borrow money, offering the lot as security.

The bill prayed that the deed from Mrs. Day to Mrs. Demorest be declared fraudulent and void; that it be surrendered and cancelled; that the records thereof be cancelled; that Mrs. Demorest and her husband be enjoined from prosecuting the action of ejectment, and from prosecuting any action to recover possession of the lot. A temporary injunction issued as prayed on August 30, 1893.

The defendants filed separate answers: that of James Demorest, filed November 6, 1893, alleged that some time in the year 1883 Mrs. Day agreed to sell to Mrs. Demorest the land in controversy for $500; that at that time Mrs. Demorest paid $80 in his presence on account of such purchase; that Mrs. Day afterwards boarded with Mrs. Demorest, the amount to be credited on said purchase; that Mrs. Demorest at various times in Rochester, New York, paid moneys to defendant, Milley Day, and sent money to her at Starke, Florida, on different occasions on account of the purchase, and that long before the execution of the deed Mrs. Day acknowledged that she had been fully paid; that the precise amounts, and the time paid defendant was unable to state, as at the time he anticipated no trouble concerning the transaction; that Mrs. Demorest received the deed from Mrs. Day by due course of mail; that defendant handed same to his wife, and the deed remained

in her possession until it was sent to her attorney
to institute the action of ejectment mentioned in the
bill.    Upon information and belief defendant averred
that no part of the money paid Mrs. Day by Mrs. Demo-
rest had ever been returned to the latter, or to any one
for her, and defendant denied that at the time of the ex-
ecution of said deed he or his wife had any knowledge
that Mrs. Day was indebted to Mrs. Witkovski or any
one else.    Answering the special interrogatories de-
fendant said that the consideration agreed upon was
$500; that Mrs. Day long prior to the execution of the
deed acknowledged that she had been paid in full.
He knew a part of it was paid in board, a part in
money at Rochester, N. Y., and a part in money sent to
Starke.    He did not remember that any one else than
the defendant and his wife were present when the money
was paid in Rochester.    The money sent to Starke was
in bank checks and the checks were in possession of the
bank, so that he could not attach them to his answer.
He did not know that any of this money had ever been
returned to Mrs. Demorest, or any one for her; that
Mrs. Demorest was in Rochester at the time the deed
was executed; that he did not know who filed the deed
for record, or to whom the recording clerk delivered it,
but he did know that it came to Mrs. Demorest by due
course of mail, and that Mrs. Demorest had orally and
by letter requested Mrs. Day to execute the deed, have
it recorded and forward it to her by mail; that the deed
was received by Mrs. Demorest at Rochester, N. Y., by
due course of mail in two or three days after its execu-
tion, and defendant was present at the time of its re-
ception by her; that there was considerable correspon-
dence between Mrs. Demorest and Mrs. Day prior to
September 9, 1891, in reference to the purchase, but de-
fendant was informed and believed that it had been de-
stroyed; that he did not know that after September 9,

1891, Mrs. Day claimed to be owner of or attempted to borrow money on the land; that if she did, defendant never heard of it before the bill was filed.

Mrs. Demorest's answer was filed November 6, 1893. Among other things, and in answer to the specific interrogatories in the bill, it alleged that the deed from Mrs. Day to her was executed in consideration of $500 paid in full; that payments were made at various times in board and money, part of the money was paid in Rochester and a part sent to Starke by bank drafts, and those drafts were then in bank and could not be attached to the answer; that it had been so long since these amounts were paid defendant could not remember who was present except her husband; that no part of the amount had ever been returned to her; that she was in Rochester, N. Y., at the time of the execution of the deed; that Mrs. Day filed it for record, and subsequently forwarded it to her at Rochester by mail, as she had authorized Mrs. Day to do, and it was duly received by defendant a few days after its record, being handed to her by her husband. who received it from the mail; that there was correspondence between defendant and Mrs. Day prior to September 9, 1891, but, defendant not anticipating any trouble, the correspondence had been destroyed; that defendant did not know whether Mrs. Day had claimed to own or attempted to borrow money on the land in controversy after September 9, 1891, but if she did it was without defendant's knowledge or consent, and was unauthorized by her. Defendant, further answering, alleged that if Mrs. Day told complainant that defendant had paid nothing for the lot, the statement was untrue; that the deed from Milley Day was not voluntary, or made for the purpose of defrauding Mrs. Witkovski, but that defendant bought and paid for same the sum of $500 in good faith, and denied that she at the time of

the execution of the deed knew that Mrs. Day was indebted to Mrs. Witkovski or any one else.

Mrs. Day's answer, filed November 25, 1893, admitted the judgment and execution, and sale thereunder, the making of the deed to Mrs. Demorest; denied that the deed was without consideration, and alleged that the consideration, $500, was paid to her by Mrs. Demorest prior to the execution of the deed; denied that the deed was executed in bad faith or with any intention to defraud Mrs. Witkovski or any one else; averred that on the day the deed was executed she had it recorded and sent it immediately to Mrs. Demorest by mail; denied that she ever told complainant that Mrs. Demorest had not paid for the land; denied that she attempted to borrow money, offering a mortgage on the land as security. The answer alleged that the $500 was paid partly in board, partly in money at Rochester, N. Y., and partly in checks sent to Starke; that defendant did not have the checks, and could not attach them to her answer as she turned them over to the bank where they were cashed; that the precise amounts and dates of payments defendant could not remember, she being over eighty years of age and blind; that the entire consideration had been paid and no part returned to Mrs. Demorest; that there was correspondence between her and Mrs. Demorest about the purchase of the lot prior to September 9, 1891, but it had been mislaid or destroyed.

To these answers a general replication was filed, and a special master appointed to take testimony February 3, 1894. On June 12, 1894, the cause was heard upon the pleadings and proof, and the court decreed that the deed from Mrs. Day to Mrs. Demorest was void, and directed that it be cancelled, and that a perpetual injunction issue restraining ejectment for possession of the property. From this decree the present appeal was taken.

Milley Day et al. v. N. J. Jones et al.—Opinion of Court.

Appeal from the Circuit Court for Bradford County.

The facts in the case are stated in the opinion of the Court.

*L. B. Rhodes* for Appellants.

*W. B. Young* for Appellees.

CARTER, J.:

We think the court below erred in granting the final decree in this case. The bill called upon the defendants not only in general terms, but by specific interrogatories to answer under oath, stating what consideration induced the execution of the deed alleged to be fraudulent; when and how it was paid; whether the deed had ever been delivered; and, if so, when, where and who was present; whether Mrs. Demorest or her husband knew of Mrs. Day's indebtedness to Mrs. Witkovski or other persons at the time of its execution; and, in fact, to answer specifically each allegation of the bill, which sought to impeach the validity of the conveyance. The answers met these allegations fully, denying that the conveyance was voluntary, and that Mrs. Demorest had any knowledge of Mrs. Day's indebtedness at the time of its execution, and asserting that the deed was executed in good faith, in pursuance of a purchase for a valuable consideration, actually paid, and averring the manner in which it was paid. The complainants having called for these answers under oath, are bound by them, unless overcome by the testimony of two witnesses, or by one witness and corroborating circumstances. Walter v. McNabb, 1 Heis. (Tenn.) 703; Culbertson & Reno v. Luckey, 13 Iowa, 12; Wright & White v. Wheeler, 14 Iowa, 8; Allen, Adm'r. v. Mower, 17 Vt. 61; Feligley v. Feligley, 7 Mad. 537, S. C. 61 Am. Dec. 375;

Hartshorn v. Eames, 31 Me. 93; Parkman v. Welch, 19 Pick. 231; Parkhurst v. McGraw, 24 Miss. 134; Fulton v. Woodman, 54 Miss. 158; Pattison v. Bragg, 95 Ala. 55, 10 South. Rep. 257; Birmingham National Bank v. Steele, 98 Ala. 85, 12 South. Rep. 783; Gray v. Faris, 7 Yerg. (Tenn.) 154; Kittering v. Parker, 8 Ind. 44; Blow v. Gage, 44 Ill. 208; Myers v. Kinzie, 26 Ill. 36; Clark v. Bailey, 2 Strobh, Eq. (S. C.) 143. The quantum of proof required to overcome these answers has not been produced in this case. There was no testimony directly impeaching the purchase alleged by defendant's answers, or the payment of the consideration, or the delivery of the deed as alleged in the answers. Several circumstances were shown by the evidence which, standing alone and unexplained, would have furnished inferences of fraud, whether sufficient to entitle complainants to recover, it is unnecessary for us to determine; but these matters were either explained or denied in answer to specific interrogatories in the bill, and these answers have not been overcome by the requisite amount of testimony.

     The decree of the Circuit Court is reversed, with directions to dissolve the injunction and dismiss the bill.